12th January, 1808, all the judges who heard the case argued, Gkimke, Waties, Bay, Brevard, and Wilds, Justices, being pre-sen1!, and nd report from the gentlemen to whom a reference was made, having been obtained, by reason of a difficulty in not knowing what the law of France on the subject was, — Grimke, J., delivered the opinion of the court, in substance, that a new trial should be granted, unless the plaintiffs would release the amount charged for interest on the damages and interest, and on bro. kerage and commissions, because such charge was not agreeable to our, law, though it might be allowed by the law of France; and it seems to have been the intention of the parties to adjust the subject of dispute by the law of this country.
Foreign bills returned protested, and the party seeks redress, his claim must be regulated by the law of the country where redress is sought, Qm. The statement transmitted by the plaintiffs to Bourdeaux, may have been founded on the law of South Carolina. The defendant may have submitted the subject of dispute to be regulated by the law of South Carolina. The court and jury were competent to determine the question referred to the Chamber of Commerce. But did they decide correctly? The bills were payable in Maryland. By our law, ten per cent, was chargeable for damages on protest, including protest, commissions, and brokerage. The additional ten per cent, on the whole, for ten months, seems to be a very unusual charge. Qu. If not usurious? But the remedy, on protest, was sought in France, and the law there governed the parties. The parties refer the matters in difference, to a foreign tribunal. By what law, or rule, shall that tribunal be governed ? The Chamber of Commerce, as arbitrators, would have been competent to decide by any reasonable and equitable principles, they might have judged proper, without considering themselves bound by the law, either of France, or of this country. The plaintiffs were not legally bound to submit the subject of reference to any other referees, nor in the present action, to a court and jury; but they did submit it to the court and jury, who decided on it. By what law was the court and jury to decide ? By the law of South Carolina, undoubtedly; because they were to decide on the charges exhibited on the return of the bills drawn on Mason, as if the bills had been re turned to the defendants in South Carolina, and not in France; for he submits to the demand against him, in that behalf to the court here, iu the same manner as if he had beenhere when the bills were returned to him protested. For what purpose did the parties refer to the Chamber of Commerce of Charleston, if they meant that the law of France should govern the subject of reference ? 1 do not see how the charges can be justified by our law. Seven per cent, interest on the principal sum drawn for, and ten per cent, damages, seem to be all the plaintiffs were legally entitled to. But, perhaps, the parties may have intended that the Chamber of Commerce should govern themselves, by the general law on the subject, and consequently that they should advert to the situation of the parties, the place where the bills were drawn, and apply the principles and rules of law, which ought to have regulated the transaction at the time and place of the reference. If thiswas their intention, it was material to ascertain what was the law of France, at the time of the reference, in relation to the subject of reference. If the evidence given at the trial, was to be relied on, the law of France was very far from warranting the charges in question.